Plaintiffs, Alfred C. Boswell, and Miss Lucille Fleury, were passengers in a taxicab of defendant partnership, Toye Bros. Yellow Cab Company, when that cab operated by an employee, Anthony Bijou, was in collision with a Buick automobile operated by Mrs. W.H. Urban at the corner of Valence and Camp Streets, in New Orleans on the afternoon of December 4, 1939, at about 3:30 o'clock.
Plaintiffs claim to have sustained physical injuries and they bring this suit for recovery against the partnership and the individual members thereof alleging a breach of the contract of safe carriage which was tacitly created by their entry into the cab.
Later, by supplemental petition, they prayed for judgment against Mrs. W.H. Urban, the driver of the other automobile, alleging various acts of negligence against her. In this supplemental petition they make certain charges of negligence also against the driver of the taxicab, asserting that both automobiles "were being operated in utter disregard of the safety of others and that had either the driver of said automobile (the Buick) or the driver of the said cab been on the alert and operated their respective cars in a careful and prudent manner, the collision between said automobile and said cab could have been avoided."
Later, on motion of plaintiffs themselves, there was judgment dismissing this suit as against Mrs. Urban as in case of non-suit. Defendant Toye Bros. Yellow Cab Company and the individual members of that partnership admitted the occurrence of the accident and that the plaintiffs had not been safely carried to their destination but they denied all negligence on the part of the driver of the said cab, averring that the accident had been caused solely and entirely by the negligence of Mrs. Urban in driving into the intersection after the taxicab had entered it, and in proceeding without stopping, and running "into the rear part of the left side of the cab."
There was judgment against plaintiffs, dismissing their suit against the partnership and the individual members thereof, and plaintiffs have appealed.
Valence Street is a wide, paved thorofare, which runs from the Mississippi River, in the direction of Lake Pontchartrain, and Camp Street is slightly narrower, crosses Valence Street at a right angle and runs in an uptown-downtown direction.
There is some controversy over the question of whether Camp Street is paved — some of the evidence showing that it is not in good condition but is paved with what is known as "black-top", and other evidence showing that it is not paved.
The taxicab was on Valence Street going towards Prytania Street and the Buick was on Camp Street proceeding in a downtown direction. In the taxicab were the driver, Bijou, and the two plaintiffs, and in the Buick were Mrs. Urban, who was operating it, and a young friend, John Grush, who was sitting alongside her to her right. As *Page 401 
the taxicab had almost cleared the intersection of Camp Street, it was struck on the left rear wheel by the Buick, which, after striking the cab continued across Valence Street and came to a stop against the lower, lake curb.
There is no doubt whatever about the negligence of Mrs. Urban. She stated that she was an inexperienced driver; in fact, that she was only learning to drive and that only once before had she been at the wheel, and she added that as the Buick reached Valence Street she lost her head and took both feet off the pedals, pulling up on the wheel "instead of pressing on the brake." She said: "I was trying to stop the car, I suppose, by the wheel." However, when the supplemental petition was filed, an exception of vagueness was filed on behalf of Mrs. Urban and was maintained by the District Court.
When the case was called for trial in the District Court, counsel for plaintiff stated that they had not amended their petition to meet the exception of vagueness, and that they desired to dismiss the suit as against Mrs. Urban as in case of nonsuit.
Of course, there may be liability in the taxicab company to its passengers even though Mrs. Urban was primarily at fault, if the driver of the cab by exercising proper care, could have avoided the accident, and we therefore cannot dismiss the suit as against the defendant taxicab company without determining whether or not there was actual negligence on the part of its driver without which the accident would not have occurred.
Plaintiffs base their case almost entirely on what they contend is a conflict between the allegations of the answer and the testimony of the driver of the taxicab. They point to an allegation in the answer to the effect that when the taxicab approached Camp Street "at this time the Buick was between 75 and 100 feet from the corner of Valence Street", and they say that this is inconsistent with the testimony of Bijou, the driver, who states that as he approached Camp Street he noticed the Buick "about 20 or 25 feet from Valence Street."
Counsel also stress the fact that in the answer defendants averred that as he approached Camp Street, Bijou reduced the speed of the taxicab "as there were some children attempting to cross Valence Street", whereas in his testimony, Bijou made no mention of these children. And counsel also point to one or two other minor discrepancies between the allegations of the answer and the testimony of the driver.
A reading of the testimony of Bijou does not convince us that we should discredit it because it differs in some particulars from the allegations of the answer. The record shows clearly that as Bijou approached Camp Street, his cab was going at a moderate speed and that he saw the Buick coming down Camp Street, near the left hand curb of that street. The Buick was proceeding at a moderate rate of speed which would have permitted its being stopped by anyone but a most inexperienced driver, and we see no reason to disbelieve the statement of Bijou that since it was near the left hand curb alongside the grocery store, he was of the opinion that it was going to be stopped at that curb. At any rate, we find nothing in the testimony to lead to the conclusion that Bijou should have brought his car to a stop before entering the intersection. Had the speed of the Buick been to any extent reduced, or had it stopped alongside the curb by the grocery store, the taxicab would have crossed in safety and Bijou was entirely justified in believing that the Buick would be so operated.
After he had entered the intersection, he had almost crossed it when he suddenly realized that the Buick had not stopped and that its speed had not been reduced. There was then nothing which he could do except proceed in the hope that the Buick would clear his rear as it very nearly did.
Whether Bijou had stopped to mail a letter, or had not stopped, is of no great importance, nor is it important whether the mail-box was near Magazine Street, a block away, or was nearer to Camp Street. The important fact is that Bijou was operating the taxicab at a safe and careful speed, that he was looking ahead; that he looked and saw the Buick and that there was no reason for him to anticipate that the Buick would not be stopped or slowed down to permit his taxicab to cross.
That Bijou was entirely free of fault is also evidenced by the statements made by the two plaintiffs shortly after the accident. In a written statement signed by Miss Fleury appears the following: "The cab driver could not be blamed for this accident as he was driving very carefully and was *Page 402 
in no way negligent or at fault." Mr. Boswell signed a statement in which he made almost the identical concession.
The entire cause for this accident was the inexperience of Mrs. Urban; consequently,
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., takes no part.